UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY LAMONT CALDWELL, | ) | CASE NO. 1: 06 CV 0009 |
| | ) | |
| Petitioner. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Henry Lamont Caldwell's ("Petitioner's") Motion to Vacate. Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #1.)

I.

On July 9. 2003. Petitioner entered a conditional plea of guilty to two counts of possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) and 18 U.S.C. § 922 (g), reserving his right to appeal the Court's denial of his Motion to Suppress. On September 25. 2003, this Court sentenced Petitioner to 262 months of incarceration. Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed this Court's judgment on November 5, 2004. The United States Supreme Court denied Petitioner's writ of certiorari on May 4. 2005. On October 24. 2005, Petitioner filed a Affidavit/Judicial Notice Regarding Motion to Quash Indictment ("Motion to Quash Indictment") with this Court. This Court denied Petitioner's motion as a 28 U.S.C. § 2255 Motion that same day.[1] Petitioner subsequently filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 4. 2006.

---

[1] The Court notes that, in its marginal entry order, it inadvertently identified Petitioner's Motion as arising under 18 U.S.C. § 2255, rather than 28 U.S.C. § 2255.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

Petitioner raises three claims in his Motion. Petitioner's first two claims relate to the alleged denial of effective assistance of counsel. More specifically, Petitioner argues that counsel was ineffective in failing to (1) properly inform him of the interstate commerce requirement in 18 U.S.C. § 922(g)(1), and (2) petition the Sixth Circuit for a rehearing en banc. (ECF # 1 at 5.) In his third claim, Petitioner seeks to preserve the right to challenge the Court's determination that he is a career offender in the event that the Supreme Court overrules *Almandarez-Torres v.*

*United States*, 523 U.S. 224 (1998). (*Id.*) For the reasons stated below, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is denied.

There exist two reasons why Petitioner's Motion need not be resolved on the merits. First, the instant Motion constitutes a successive § 2255 motion, which is not properly before the Court. That is, when Petitioner filed the instant Motion on January 4, 2006, he had previously filed a Motion to Quash Indictment attacking his sentence under § 2255. According to 28 U.S.C. § 2244, a federal prisoner seeking to file a second or successive § 2255 motion must first obtain an order from the court of appeals authorizing the district court to consider the second motion. Because there exists no evidence in the record to suggest that Petitioner has obtained an order from the Sixth Circuit authorizing this Court to consider his second motion, Petitioner's Motion must be denied.

Next, the Court notes that Petitioner is barred from obtaining the collateral relief requested in his Petition, by virtue of the fact that he signed a plea agreement waiving nearly all of his available rights to file post-conviction petitions. Here, there has been no suggestion that Petitioner's willingness to enter into the plea agreement was involuntary, or that the waiver therein is invalid. Thus, Petitioner's present attempt to collaterally attack the Court's judgment fails. *See United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily.").

Furthermore, even if the Court were to consider the merits of Petitioner's claims, it would reach the same conclusion. Petitioner first contends that his counsel failed to adequately inform him of the requirements that the government needed to prove in order to establish the commerce

3

element of 18 U.S.C. § 922(g)(1). Petitioner claims that, had he known the government was required to prove that the gun Petitioner possessed was actually "in" or "affecting" commerce, not merely that it "moved" in interstate commerce, he would not have pled guilty and would have instead insisted on going to trial. (ECF # 1 at 2.)

In order to establish an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this case, Petitioner acknowledged in his plea agreement that he was fully satisfied with his counsel's performance. More specifically, he acknowledged in the agreement that his counsel had advised him fully of the "factual basis for and the nature of the offenses" to which he plead guilty. As noted above, there has been no suggestion that Petitioner's willingness to enter into the plea agreement was involuntary. Accordingly, Petitioner's attempt to now claim ineffective assistance of counsel on this basis is without merit.

Next, Petitioner claims that counsel was ineffective in failing to petition the Sixth Circuit for a rehearing en banc. Petitioner argues that a rehearing en banc was necessary because the Sixth Circuit inaccurately analogized his case to *United States v. Pinson*, 321 F.3d 558, 562 (6th Cir. 2003), and overlooked issues regarding his rights under the Fourth Amendment. Although Petitioner goes to great lengths to describe the factual distinctions between his case and *Pinson*, he fails to demonstrate how a rehearing would have produced a different result. Petitioner's counsel adequately responded to the Sixth Circuit's ruling by filing a writ of certiorari with the United States Supreme Court. Petitioner has failed to show how counsel's decision not to pursue a rehearing en banc was an ineffective exercise of reasonable professional judgment. As such,

Petitioner's second basis for finding ineffective assistance of counsel is unconvincing.

Finally, Petitioner attempts to preserve his right to challenge the determination of career offender status in the event that the Supreme Court overrules *Almendarez-Torres*, 523 U.S. 224 (1998). The *Almendarez-Torres* decision is still good law and, in any event, Petitioner admitted in the plea agreement that he was subject to the penalty enhancements of the Career Offender guidelines, which the Court used to determine Petitioner's career offender status in this case. Petitioner is bound by Supreme Court's holding in *Almendarez-Torres*, as well as by the terms of his own plea agreement. Therefore, Petitioner's third claim is without merit.

## IV.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED. (ECF # 1.) Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: March 1, 2006